IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR BRENNAN MALLOY, AIS #101329, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:15-CV-898-MHT ) |
| COUNTY OF MONTGOMERY, ALABAMA, et al., | ) ) ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Arthur Brennan Malloy ("Malloy"), a state inmate and frequent federal litigant. Malloy is presently incarcerated pursuant to a conviction for first-degree robbery and is serving a sentence of life imprisonment without parole imposed upon him in 1981 by the Circuit Court of Montgomery County, Alabama. In the current complaint, Malloy alleges that he is entitled to a reduction of this sentence under previously effective amendments to the Alabama Habitual Felony Offender Act ("HFOA"), Alabama Code § 13A-5-9, *et seq.*, and, therefore, the state courts erred in denying his motion for reconsideration of sentence filed in November of 2003 pursuant to Alabama Code § 13A-5-9.1.[1] Malloy also challenges the state courts' refusals to grant a motion

---

[1] The legislature repealed § 13A-5-9.1 effective March 13, 2014. Consequently, as of March 14, 2014, a trial court has no authority to retroactively apply the amended version of § 13A-5-9(c)(3) to address the life without parole sentences of inmates sentenced prior to amendment of the HFOA in 2000. However, when Malloy filed the state actions referenced herein seeking reconsideration of his sentence, § 13A-5-9.1 had not yet been repealed. The Alabama Supreme Court addressed the purpose and function of § 13A-5-9.1 as follows:
> In 2001, the legislature [adopted § 13A-5-9.1] in an attempt to make the 2000 amendments to § 13A-5-9 retroactive. The stated purpose [of which] was "to provide further for eligibility for parole consideration of non-violent offenders." . . . § 13A-5-9.1 state[d] in its entirety:
> "The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."

for relief from judgment challenging the denial of his motion for reconsideration of sentence. In addition, Malloy presents claims attacking the constitutionality of his 1981 robbery conviction. Specifically, Malloy contends that: (i) the trial court provided erroneous instructions to the jury; (ii) the trial court refused to give instructions on lesser included offenses; and (iii) the evidence failed to establish his specific intent to commit the robbery, a necessary element of the offense.

Malloy names Montgomery County, Alabama, Judge Charles Price, Judge William A. Shashy, the Alabama Court of Criminal Appeals and D. Scott Mitchell, the Clerk of the Alabama Court of Criminal Appeals, as defendants in this case. Malloy seeks declaratory relief reversing the adverse actions taken by the state courts on his motion for reconsideration of sentence and motion for relief from the judgment denying his request for reconsideration of his sentence. He also seeks a declaratory judgment finding that he is entitled to relief from his 1981 robbery conviction and an injunction requiring the Alabama Court of Criminal Appeals to reverse its decision dismissing his appeal from the denial of his motion for relief from judgment. Finally, Malloy seeks compensatory and punitive damages from the defendants.

Upon review of the complaint and in accordance with applicable federal law, the court concludes that this case is due to be dismissed prior to service of process pursuant to the

---

> . . . Reading § 13A-5-9.1 in conjunction with § 13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provision of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge [could] resentence only those who are nonviolent offenders.

*Kirby v. State*, 899 So.2d 968, 969-974 (Ala. 2004). "Therefore, the only inmates who would be eligible for reconsideration of their sentence(s) [under § 13A-5-9.1], in the discretion of the circuit court, [were] (1) nonviolent offenders with three prior felony convictions who were subsequently convicted of a Class B felony and sentenced to life in prison pursuant to § 13A-5-9 (c)(2), Ala. Code 1975, and (2) nonviolent offenders with three prior felony convictions, none of which was for a Class A felony, who were subsequently convicted of a Class A felony and [mandatorily] sentenced to imprisonment for life without the possibility of parole pursuant to § 13A-5-9(c)(3), Ala. Code 1975." *Prestwood v. State*, 915 So. 2d 580, 585 (Ala. Cr. App. 2005). Malloy falls into the latter category of inmates.

provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## II. DISCUSSION

In the instant complaint, Malloy presents claims attacking the constitutionality of a conviction for first degree robbery imposed upon him in 1981 by the Circuit Court of Montgomery County, Alabama, a conviction for which he received a sentence of life without parole. Malloy also challenges the constitutionality of actions taken by the state courts in denying him a reduction of the life without parole sentence as previously authorized by Alabama Code § 13A-5-9.1. Under well-settled law, the claims raised by Malloy provide no basis for relief in this cause of action. *See Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994).

Applicable federal law establishes that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)). In *Heck,* the Supreme Court expounded on *Preiser* in holding that claims for damages challenging the legality of a prisoner's conviction or confinement, even where the prisoner has exhausted available remedies, are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed [by a state court], expunged [by executive order], invalidated, or impugned by the grant of a writ of habeas corpus," and complaints containing such claims must therefore be dismissed. 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487.

---

[2] The court granted Malloy leave to proceed *in forma pauperis* in this cause of action. Doc. 3. Despite Malloy's payment of an initial partial filing fee, this court is required to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii) which require the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

3

In *Edwards*, the Supreme Court further determined that a prisoner's "claim for [both] declaratory relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, [punishment which impacted the duration of his confinement,] is not cognizable under § 1983" unless the challenged judgment has previously been overturned. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court again emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649. Consequently, the rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory relief.

"It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Edwards*, 520 U.S. at 646-648). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *see Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (holding that under *Heck* "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."). *Heck* directs that a state inmate "making a collateral attack on his conviction [or sentence] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute." *Okoro*, 324 F.3d at 490. Moreover, issuance of the injunctive relief sought by Malloy with respect to the adverse decision by the Alabama Court of Criminal Appeals in dismissing his appeal from the trial court's denial of his motion for relief from

4

judgment would necessarily entail a finding that he is entitled to a reduction of his sentence. As such, the principles espoused in *Heck* and *Edwards* bar granting the injunctive relief requested by Malloy in this 42 U.S.C. § 1983 action. *See Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (noting that claims for declaratory or injunctive relief seeking actions by a federal court which would impact either the validity of the prisoner's conviction or the duration of his sentence "are simply not cognizable under § 1983").

It also appears that this court lacks jurisdiction to grant the injunctive relief sought by Malloy with respect to the state appellate court's July 27, 2015 dismissal of his appeal from the denial of the motion for relief from judgment. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Although "*Rooker-Feldman* is a narrow doctrine," it nevertheless bars Malloy from obtaining the requested injunctive relief from a final order issued by the Alabama Court of Criminal Appeals because the relief sought is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance*, 546 U.S. at 464 (internal citation omitted); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (holding that federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"). In addition, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *See Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (noting that a §

5

1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988) ("A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court.").

It is clear that Malloy's conviction and concomitant sentence of life without parole have not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. *Heck* and its progeny therefore bar Malloy's use of any federal civil action, other than an application for habeas corpus relief, to mount a collateral attack on his conviction and/or the denial of a reduction in his sentence. *Heck*, 512 U.S. at 486-487 ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."); *Edwards*, 520 U.S. at 645 (holding that a petition for writ of habeas corpus is the "sole remedy in federal court" for a prisoner seeking declaratory relief or money damages for claims impacting the duration of his confinement.); *Abella*, 63 F.3d at 1066 n.4 ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Thus, the claims presented by Malloy seeking relief from the robbery conviction imposed upon him in 1981 by the Circuit Court of Montgomery County, Alabama and his claims challenging the decisions of the state courts denying him a reduction of the sentence imposed for this conviction are prohibited in this action and subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

---

[3] The records of this court demonstrate that Malloy has previously filed several 28 U.S.C. § 2254 habeas petitions challenging his 1981 conviction and sentence for first degree robbery, all of which were decided

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as the claims presented by the plaintiff are not cognizable in the instant civil action.

It is further ORDERED that on or before February 19, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*,

---

adversely to him. *See Malloy v. Burton*, Case No. 95-A-256-N (M.D. Ala. 1995); *Malloy v. Burton*, Case No. 94-T-811-N (M.D. Ala. 1994); *Malloy v. Burton*, Case No. 93-A-79-N (M.D. Ala. 1993); *Malloy v. Burton*, Case No. 90-D-877-N (M.D. Ala. 1990); *Malloy v. Burton*, Case No. 90-H-226-N (M.D. Ala. 1990); *Malloy v. Burton*, Case No. 89-T-738-N (M.D. Ala. 1989); *Malloy v. Jones*, Case No. 86-H-1160-N (M.D. Ala. 1988).  Malloy has likewise filed habeas petitions in this court and the United States District Court for the Northern District of Alabama attacking the decisions of the state courts denying him a reduction in his sentence. *See Malloy v. Davenport, et al.*, Case No. 13-CV-784-WHA-GMB (M.D. Ala.) (pending); *Malloy v. Wise, et al.*, Case No. 09:467-ID-CSC (M.D. Ala. 2009) (summarily dismissed because Malloy did not have permission from the Eleventh Circuit to file a successive petition as required by 28 U.S.C. § 2244(b)(3)(A)-(C), with dismissal affirmed on appeal); *Malloy v. Riley, et al.*, Case No. 02-CV-79-TMP-M (N.D. Ala. 2003) (same).  Thus, prior to seeking habeas relief from this court with respect to either his conviction or the denial of a sentence reduction, Malloy must first obtain permission from the Eleventh Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. . . . A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of February, 2016.

                                                /s/  Gray M. Borden  
                                  UNITED STATES MAGISTRATE JUDGE